IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EDRIN KENNYARDER TEMPLE, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-91 |
| v. | |
| ROBERT COX; JOHN DOES; and DILLION HOWARD, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants Cox and Howard's Motion to take the Deposition of a Person Confined in Prison. Doc. 18. Defendants' counsel assert they wish to take Plaintiff's deposition, and Plaintiff is currently confined at the Glynn County Detention Center. Id. at 1. Counsel also asserts Plaintiff was scheduled to be sentenced in criminal proceedings in this Court on May 21, 2019 and will be remanded to the custody of the Bureau of Prisons and moved to a federal penal facility. Id. Although counsel are attempting to schedule Plaintiff's deposition while he is still detained at the Glynn County Detention Center, they note Plaintiff may be transferred prior to the taking of his deposition and request the Court's Order apply to any facility to which Plaintiff may be transferred.

Upon due consideration, the Court **GRANTS** Defendants Cox and Howard's Motion. Defendants Cox and Howard, through counsel, shall be entitled to take the deposition of Plaintiff at the Glynn County Detention Center in Brunswick, Georgia, or at the federal penal institution to which Plaintiff may be transferred, pursuant to Federal Rules of Civil Procedure 26 and 30. The date, time, and exact location of the deposition will be determined by the Sheriff (or

Warden), in consideration of the schedule, space limitations, and security requirements of the particular penal institution.  The attorneys shall arrange for the Sheriff (or Warden) to receive, via facsimile or other manner: a copy of this Order; a copy of the notice of deposition setting forth the time and date of the deposition, once these details have been confirmed; a copy of the driver's license of each person who will be in attendance for Plaintiff's deposition; and a copy of the State Bar card of each attorney in attendance.  Nothing in this Order shall prevent the Sherriff (or Warden) and their designees from taking reasonable security precautions to ensure the taking of Plaintiff's deposition does not impose undue burden upon prison operations.  In addition, this deposition may be recorded by stenographic means, should counsel make the appropriate arrangements.  The Court directs counsel for Defendants Cox and Howard to confer with Plaintiff's counsel regarding the taking of his deposition, including the coordination of necessary arrangements for Plaintiff's counsel's presence during this deposition.  In addition, the Court advises counsel, any members of counsel's offices, and any other person in attendance for this deposition that they are to abide by any and all reasonable security measures the Glynn County Sheriff or Warden at a federal penal institution may put in place for the taking of Plaintiff's deposition.

**SO ORDERED**, this 24th day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA